STATE of Kansas, ex rel., SECRETARY, DEPARTMENT OF SOCIAL SERVICES, on behalf of Christin L. MENAN, a minor, by her guardian and next friend Emma LOWRY, Appellant,

v.

Carol S. MENAN, Respondent.

No. WD 46388.

Missouri Court of Appeals, Western District.

May 25, 1993.

Donna K. Skouby, Joplin, for appellant.

Bryan Craig Breckenridge, Nevada, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

The Department of Social Services for the State of Kansas brought suit against Carol Menan seeking reimbursement for Aid to Families of Dependent Children (AFDC) payments made by Kansas for the support of Carol's children. The court dismissed the case without hearing any evidence on the ground that the suit was barred by *Jackson v. Rapps*, 947 F.2d 332 (8th Cir.1991). The State of Kansas contends the court misapplied the law. Reversed and remanded.

Carol Menan is the mother of three children, Christin L. Menan, born January 4, 1976, Delinda R. Johnson, born September 18, 1973 and Alecia K. Johnson, born January 30, 1969.[1] The record indicates that the mother presently resides in Nevada, Missouri with Delinda. The children had

previously resided in Kansas with their maternal grandmother, Emma Lowry, although it is unclear from the record exactly how long they lived with Lowry. At this time, however, Christin is the only child living with Lowry. The record indicates that Lowry received AFDC assistance from Kansas from 1986 until March 1990.

On May 4, 1990, the Locate and Recovery Unit of the Missouri Division of Child Support Enforcement (DCSE) received this case from Kansas as a URESA action. It was requested that the DCSE establish an award of support, seek reimbursement of AFDC payments made and obtain medical coverage for the children. DCSE sent financial statements and other informational forms to Carol but she never responded. Consequently, this suit was filed.

A hearing was set for April 24, 1992 to determine whether Kansas was entitled to reimbursement from Carol for the support funds paid to Lowry on behalf of Carol's children, and if so, to what extent. Prior to the hearing, Carol filed a motion to dismiss on the ground that Kansas had failed to comply with the federal requirements set forth in *Jackson*. The court sustained the motion and this appeal followed.

On appeal, Kansas contends that the court misapplied the law in relying on *Jackson*. Kansas asserts that *Jackson* is irrelevant because it only applies to administrative decisions which Kansas claims this matter does not involve.

*Jackson* involved a plaintiff who was ordered administratively to pay the entire amount of AFDC support that had been paid by the state on behalf of her children. The court concluded that the absent parent (plaintiff) could not be administratively required to pay the entire amount due unless the conditions set forth in the federal regulations had been met, i.e., calculating the amount due based upon the factors set

---

1. Although the record does not identify the children's father or fathers, paternity is not an issue in this case.

forth in 45 C.F.R. § 302.53.[2] *Jackson*, 947 F.2d at 337. The court noted that under 45 C.F.R. § 302.50(b) in the absence of a court order,[3] the amount of support obligation owed by an absent parent to the state must be determined "in accordance with a formula which meets the criteria prescribed in § 302.53." *Id.*

In this case, Kansas seeks reimbursement in the amount of $8,212.00 for AFDC monies paid out to the maternal grandmother for the support of Carol's children. Although strictly speaking, Kansas is not trying to enforce an administrative order,[4] it is nonetheless seeking reimbursement from Carol for the total amount of child support paid to Lowry which equates to an effort to recover an amount which was set administratively. *Jackson* requires that the amount Kansas seeks to recover be established under the federal guidelines.

Here, the court dismissed the action before Kansas had an opportunity to show that it had complied with federal law in determining the amount of support arrearages owed by Carol as reimbursement for the AFDC benefits which the state had paid out to Lowry for the support of Carol's minor children. Kansas was entitled to present evidence of its compliance with the federal regulations in determining that amount. In the alternative, Kansas may prove the amount to which it is entitled as reimbursement by calculating such amount by use of the federal formula. The court misapplied the law in holding that the proposed arrearages were in violation of *Jackson* without first determining whether or not Kansas had complied with federal law in establishing the amount of the support for which it sought reimbursement or al-

lowing proof of the amount due under the guidelines. Therefore, the judgment must be reversed. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

The judgment is reversed and this cause is remanded with directions to allow Kansas to introduce evidence to show the amount of reimbursement calculated under the federal regulations to which it is entitled. The court shall also receive such other evidence as may be proper under the pleadings.

All concur.

---

2. Regulation 45 C.F.R. 302.53(a) sets out several factors which must be considered in determining the amount of the support obligation absent a court order. However, § 302.53 has since been removed by Congress and replaced by revised § 302.56. *Jackson*, 947 F.2d at 339.

3. The case at bar does not involve a court order in regard to the amount paid to Lowry for the support of the children.

4. In *Jackson*, the noncustodial parents challenged an administrative default order which they received after failing to respond to notices from the Missouri Division of Child Support Enforcement setting their liability for the state debt as the total amount of AFDC benefits that had been paid by the state on behalf of their minor children.